Good morning, Your Honors. May it please the Court, my name is Corey Foreman. I represent the petitioner in this case, Sergio Quito. The Immigration and Nationality Act specifies specific crimes that are aggravated felonies. These are found at 8 U.S.C. 1101-A43. Aggravated felonies are the most serious kinds of convictions under the immigration law. Even for lawful permanent residents like Mr. Quito, they often result in mandatory detention, mandatory deportation, and preclude almost all forms of relief. In 1101-A43I, that relates specifically to crimes involving child pornography, and there are three statutes related in that statute. One of them is 18 U.S. 2252, subsection A4B, which comes under that, and that is the generic federal statute at issue in this case. Mr. Quito pled guilty to New York's penal law, section 263.16, which is possession of sexual performance of a child. Now, the Federal courts and the Board of Immigration Appeals have said that a State conviction can constitute a Federal aggravated felony when the elements of those statutes categorically match and when the minimum conduct required for a conviction under the State statute is also a conviction under the Federal statute. And that is not the case here. And that is not the case here specifically over the issue of knowledge of the age of the individual in pornographic material. When it comes to 2252-A4B, the Supreme Court in the United States, or its excitement video, specifically said that the knowledge component applies to both the nature of the material as well as to the fact that the individual is a minor under Federal law, a minor being under 18. They point to, I think you saw in their papers, two Third Department cases, people v. Henry, people v. Jednick, the pattern jury instructions for the State, all saying that there is a, even though there's this affirmative defense, that there is a knowledge requirement that you have to know not the age, but that it was child pornography. So what's your response to that? Well, I'm going to, the jury instruction that they cite to also specifically says that it is not an element of the crime and the government need not prove that the individual — It's not an element of the crime, you have to prove the age, but it is an element of the crime. You have to prove knowledge of the general, the content, that it was child pornography. The term they use is character and content, and I think that is the issue in dispute in this case. But the two cases they cite, the Third Department cases, both said that term means they have to know it was child pornography, even if you don't have to know the exact  The way I read those cases, Your Honor, respectfully, is you're talking about the Henry and Jednick cases. In those cases, the defendant invoked the affirmative defense, and it was the defendant that put that issue into play. It was not something that the government was required to prove beyond a reasonable doubt as an element of the defense. But the government has to prove that it's child pornography. If it's pornographic images of two consenting adults having sex, they're not guilty of possessing or child pornography? Of course they have to prove it's child pornography. The way they have to have — the images projected have to project images of children. They have to prove the character and content, that it's sexually explicit in nature, and they have to prove that the individuals in the material are minors. They don't have to prove — I mean, they don't have to prove that the child is 5 or 6, but they have to prove that it's apparent from the image that the child is under 16. I agree. But they don't have to prove that the defendant had knowledge of that at the time of possession. But don't they have to prove that he knew the character and content? And we see character and content as the sexual nature of the material. There is no reason for the jury — 1520 section — But that's not what criminalizes it. What criminalizes it is that the actors in that of what character and content means are children. But not that the defendant has knowledge of that at the time of possession. And this is why I think the heart of this issue is how character and content is defined. Knowingly possesses, right? Knowingly possesses — Well, in New York, knowingly possesses would mean that all of the elements with regard to what it is, child pornography. Knowingly possesses material where they know the character and content, but the character and content does not include that they have knowledge of the fact that the individual is a minor. So your argument is that if you knowingly possess legal adult pornography under the statute and it turns out to involve children, that you're liable under the statute? Yes. And then you could invoke the affirmative defense. People v. Henry said, quote, to constitute knowing possession, the defendant must be aware that he or she is in possession of a sexual performance by a child. I emphasize by a child. So this is a clear statement by a New York court of what the elements are. But people — But if you look at — I'm quoting it. I know, but people v. Gilmour also looks at the constitutionality of this statute and they note that when it comes to the age of the child, that's a strict liability component to it. The Gilmour case is also cited. The age of the child is different than what you have to know about the character and content. Well, if you look at 1520, if I may, if you look at section 1520, which is the statute, and that specifically says, notwithstanding the use of the term knowingly, where the age of the child is an element, knowledge by the defendant of the age of such child is not an element of any such offense. That is clear. And what's important is 1520 does not just apply to this statute. 1520 applies to the entire penal law. It refers to Chapter 40, which is New York's penal law under the consolidated laws. So that applies to statutory rape cases. That definition of knowledge applies to any offense. Now, the age of the child at issue here is anyone under 16. That does not need to be cited. The government cites the jury instruction in their brief, but it specifically says it is not an element of the crime, and thus the people are not required to prove, beyond a reasonable doubt, that the defendant knew the child was less than 16. Not that the defendant knew that he was a specific age. It uses the term less than 16. The Henry case, the Yedeneh case, in those cases, the affirmative defense was revoked. The defendant put that in issue. It's not like the Federal case where the defendant could sit silent, not say anything, and hold the government to their burden of proving those elements. So when the jury instruction, which interprets 1520, specifically says the defendant doesn't have to know that, that element does, in fact, become a strict liability case. Wouldn't we be overruling? I know this issue wasn't raised in Whelan, but essentially there'd be no way to reconcile this case with Whelan, and we'd be overruling Whelan, even though it was a different New York provision, other than this word obscene in that one. Well, I think, you know, the issue in Whelan, Whelan presented completely different arguments, and this was dealt with in the motion to dismiss. And because the arguments that had to do with the Whelan would be no longer good law after this decision if we agreed with you, right? No. No. I would agree with that. I mean, but I think a court is free to It wasn't raised? I mean, that's why I do cite the Ninth Circuit case of Chavez-Solas. Chavez-Solas revisited a child pornography analysis in California where they had previously ruled that was, in fact, a conviction for child pornography. But after, in light of new arguments, they revisited that issue and overturned themselves. So, yes, it does overturn Whelan, but I think it is important. The reason why we're here is that these arguments were not raised. Whelan involves a Federal jurisdictional element about transportation of child pornography. And, again, I think, while I understand it is a trial case, Gilmour does involve the most comprehensive discussion of the constitutionality of the statute, in that they refer to that provision of the statute as being strict liability. And, yes, for constitutionality, as excitement video was concerned with, you need to have some form of mens rea. The mens rea is the sexual nature of the performance, the sexual nature of performance. You have to have knowledge that it's pornography. If it involves a child that is under 16, Gilmour says that aspect of it is strict liability. Unlike statutory rape cases, they do give a level of protection where the defendant then could put the issue into play by introducing the element of they did not know the child's age. Thank you. Good morning. Anne Wellhoff for Respondent, U.S. Attorney General Barr. May it please the Court. If this Court was to read the statute the way that is urged by this Petitioner, that would permit a conviction of a person with a completely for a crime. This crime is a crime of culpability. There must be sienter mens rea, a guilty mind, and, in fact, there is expressly in the statute, which is the character and content. That has this Court has said that in the Oush case, it's a Second Circuit case, that that mental state of character and content is the exact same mental state and is fully as stringent as the mental state articulated in excitement video. The statute doesn't require or it is not an element that the prosecution should show. We're not going to get into the number, and there's no need to prove what age that the defendant thought the child was. However, they must have the guilty knowledge of the very essence of the crime. It wouldn't even be a crime if they didn't have the only thing that makes it a crime is the fact that it's children actors. This isn't a statute where the word obscene is used. This is the absolute only thing that makes it criminal. And so and, in fact, the mens rea in the child pornography law, whether it be possession, production, distribution, the mens rea in each one of those statutes is character and content, and there is no cases that have ever interpreted that to say that it's a strict liability crime as to character and content. By definition, engulfs knowledge of the criminal nature of the material. Again, this court said so in the Oush case. Also, I think that to say I understand that Gilmore does use the word strict liability, but it seems a bit internally inconsistent to me, because if you read Gilmore very careful, it says that once knowledge of the character and content is proven, it's at that point it becomes strict liability. I think the court, I am not sure why they use that term, and I have tried to find any other court, Second Circuit or New York, that has similarly called this statute a strict liability crime, and I cannot find one. It could have been an artfully way of phrasing that, knowing the age is not required. I believe that's exactly what it was, an artfully way of saying that. And it's — but, you know, this — the language used is prefaced repeatedly in Gilmore with once the — once the prosecution has established that the person had knowledge of the character and content, i.e., the fact there was children in this performance, at that point it becomes strict liability once the government proves the person actually was under 16. They do not want to put on the government the burden of showing exactly what age in the form of a number that the defendant sought. It doesn't matter. He had to know, though, but he had to have a guilty mind. This is a mens rea crime, a crime of mental culpability under the New York statutes. And the former said the pattern jury instructions from New York State don't support your argument here. Do you want to respond to that? Yeah. Again, I believe that it was an artfully drafted because the — because they do say that the government doesn't have to prove beyond a reasonable doubt that the defendant knew the performers were under the age of 16. But the jury instructions also say that the government must prove he was aware of the character and content. The definition of this crime is sexual — possession of sexual performance by a child. If you look at the definition of sexual performance in that title, which is the child pornography section, it is defined specifically as any performance or part thereof which, for purposes of this section, includes sexual conduct by a child less than 16. He must know that he is possessing sexual performance of a child, which by definition means he knows that is child pornography. That is — that's what — if the Court were to, in this case, define that that guilty mind was not part of the elements, I think this — we'd have very anomalous results here. You would have questions as to the constitutionality of the statute, which I understand is not at issue in this case. But like the Court noted in the Oush case, the Court said to — to read out the mens rea — the very mens rea that makes it criminal would be read out, and the Court refused to do that and said it would turn out to be a perverse result, and that's exactly what would happen in this case if the Court were to interpret the elements  of the statute differently. Excitement video and Ferber, both Supreme Court cases, have made very clear that the crime is a crime of mens rea and mental culpability. It's — Ferber, in fact, was interpreting 263.15, which dealt with promoting sexual performance as opposed to possession, but the mens reas are identical. And so to the extent that — I think that Petitioner's argument has some facial appeal, because Gilmore, which I would note is the lowest court in New York, did use that word strict liability. But read in context, and I think that it's a linguistic fact that statements and words derive their meaning from context, and I think when you do that here, the Court was not dispensing with the defendant's need to know that what he was dealing with was child pornography. That's not a reasonable interpretation of it, despite the, I believe, inartful use of the word strict liability. This is a mens rea crime, a crime of culpability, and every court that's looked at it has said so. Every State court, as you noted, we have the Gilmore case, we have the Kent case, we have the Henry case, Yanni — Yes, there's also the argument that the affirmative defenses in the Federal statute weigh against this being a categorical fit, and I understand your argument that it doesn't. We look at the elements of the statute, not at affirmative defenses. But we've never — we've — this Circuit hasn't written to say that. Am I right about that? We've never addressed that issue. In this particular context, you have — We have — we talked about affirmative defenses and what — and how to evaluate them in assessing whether there's a categorical fit. Well, affirmative defenses are not elemental, so therefore, in the categorical analysis, they're not going to — they don't come into play. The question, though, was we haven't written on that, whereas — like the Ninth Circuit has, we haven't said what the role affirmative defenses play in the categorical approach yet, have we? I believe — We haven't written anything like — Even if we agree with you, I could not find a Second Circuit case where we said what some of our other — some other circuits have said, which is that focus on the elements and affirmative defenses are not part of the analysis. I don't — I can't cite you on either, however, Moncrief basically says that, which is the Supreme Court, and — We pay attention to them, too. Mathis, I think, is the — Mathis is the one. And Mathis. I mean, the Supreme Court has said so. Also, I mean, this — I think that pointing to the affirmative defense in this case and saying that it supports his argument is actually incorrect, because an affirmative defense that would negate the — an element of a crime would also be an improper burden shift, which is not what — which isn't what happened here. The Court did say that in Gilmore. But I think that militates against his argument as well, that — that, again, I think the — the State is required to come forth character and content of the general nature. That's the guilty knowledge that must exist. We're not going to — it would be too difficult to look and prove exactly what age the person did think that the performers were. And so that isn't one of the elements. But — but the guilty mind is necessary. Taking the statute in context and the case — all the cases that have interpreted it have all found this to require — there's some — some knowledge that he's holding child pornography. Without that, you'd have a serious problem with the constitutionality of the statute, which has been upheld. So, thank you. First, I want to address the fact that the government has pointed out that sexual performance of a child is not defined in the statute. The statute does not say that a person is guilty of possessing of sexual performance of a child when they knowingly possess a sexual performance of a child. I mean, it's defined in the statute. They could just as easily have written in there, sexual performance of a child, because it's defined as performance including a child, is what you're guilty of. They parse it into character and content and then say that the child has to be less than 16, and then when you mark that with 1520, where it specifically says knowledge by the defendant of the age of the child, which the jury instruction interprets to be under 16, that takes the knowledge to that component out of it. What's your response to the Ferber case, the Supreme Court in another New York provision that has the exact language, right? Mm-hmm. This says there has to be a mens rea requirement in order for it to be constitutional. And there is a mens rea requirement. A mens rea requirement that you know it's child pornography. No. I read that case differently. That dealt with the Ferber case, dealt with a ---- Do you have any case in the history of New York law where someone who believed it was adult pornography has been found guilty of any of these New York provisions that have this language in it, any case in the history of New York? The Court has said even though you believed it was adult pornography, you're wrong. It's strict liability. You're guilty. There's no ---- Well, no, no. And then you do have an affirmative defense. And to address that, you know, New York has ruled in the Patterson case that affirmative defenses of mitigation in New York are appropriate. It doesn't necessarily have to negate an element of the crime, because knowledge ---- Congress still has to prove it's child pornography. Yeah. But they don't have to prove that he knew the age of the child. If he has a ---- if he has ---- what it does is the statute is quite simple. It just says, look, there could be close calls in situations where someone thinks the child is 16, because the New York statute uses 16, not 18. That's right. If he thinks the child is 16, has a good faith belief in 16, it's an affirmative defense that he can impose. And so it does in some instances make the age of the child relevant or his good faith knowledge of the child relevant, but it puts it upon him to do it. But it doesn't ---- that doesn't absolve the government of establishing that it is child pornography, does it? No, because they still have to prove it's pornography and they have to prove that a child is in it, not that the defendant had knowledge of the age, that the child was under 16. Not the defendant's mental state. Okay. But for the jury to convict him, the jury has to be convinced that what they see is child pornography, the same thing that he saw. Yes. Okay. But not that when he accessed it, he had knowledge that that was a child as defined by the New York statute. And that the statute makes that very clear. It says that he has to knowingly possess child pornography. It says he has to know ---- no, he has to knowingly possess material knowing the character and content of it. I understand, but it gives him affirmative defense where he says, oh, geez, I thought she was 16. I didn't think she was 14. But not to negate an element of the crime. Oh, sorry. Where it's closed, it flips and gives him the affirmative ---- puts the affirmative defense on him. To introduce that element. So age is relevant. Yet on a closed case. As an affirmative defense of mitigation, yes. All right. Thank you. Thank you both. I will take the matter under advisement. Thank you. Thank you. Yes.